FILED
 2011 Feb-01  PM 01:11
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JOHN D. CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-G-1202-NW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, John D. Crawford, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. The Commissioner has filed a motion to withdraw his answer and for a remand pursuant to Sentence six of 42 U.S.C. § 405(g). The Commissioner seeks to have the action remanded to clarify whether the plaintiff's past work meets the definition past relevant work. The Commissioner asserts that there is a conflict between the testimony by the vocational expert at the plaintiff's most recent hearing in October 2007 and the same vocational expert's testimony at

a prior hearing in August 2001.  The Commissioner asserts that the cassette recording of the 2001 ALJ hearing has been located, but that is not readable.

The Commissioner argues that the case should be remanded so that the conflict between the vocational expert's testimony in 2001 and 2007 can be resolved.  At the October 2007 hearing, the plaintiff testified that he only worked in his fast food job for 11 days.  However, the Commissioner asserts that there is evidence in the record suggesting the plaintiff worked at that position for at least three months.  The Commissioner asserts that this evidence was not available to the vocational expert at the October 2007 hearing.  Accordingly, the Commissioner requests a sentence six remand to clarify whether the plaintiff's past work meets the regulatory definition past relevant work.

The plaintiff argues that the vocational expert testimony elicited at the 2001 ALJ hearing is irrelevant to the issues presented in the present appeal. However, a review of the plaintiff's brief on the merits shows that the appeal turns upon whether the plaintiff's work after 1988 qualified as past relevant work.  "It is the plaintiff's position in this case that the decision issued by the ALJ is the final decision of the Commissioner is supported by the evidence but is legally insufficient." (Pl.'s Br. (Doc. # 8) at 2.)  The plaintiff argues the ALJ committed legal error in finding the plaintiff had past relevant work after 1988 because any

such work was not performed at the level of substantial gainful activity. (Pl.'s Br. At 8.)

The ALJ in 2002 found the plaintiff had past relevant work from 1996 as a day laborer and from 2000 as a fast food worker. That opinion states that the ALJ "accepts the testimony of the vocational expert and finds the claimant can return to his past work as a fast food worker."[1] Record 370. Earlier in that decision the ALJ found that the plaintiff's "work activity as a fast food worker from January 1, through March 2000 ... was performed at the level of substantial gainful activity." Record 366. Therefore, contrary to the plaintiff's argument against the Commissioner's motion to remand, the vocational expert's testimony in 2001, and the evidence upon which that opinion was given is highly relevant to plaintiff's present claim.

Any decision on the present record would require the court to consider whether the ALJ in 2007 was correct to rely upon the findings by the 2002 ALJ on the issue of the plaintiff's past relevant work without the benefit of a complete record. Therefore, the court finds that in the interest of justice the Commissioner should be allowed to withdraw his answer. The court further finds that good cause exists to remand the action under sentence six so that the

---

[1] The court takes no position on whether that finding constitutes administrative res judicata under the Commissioner's regulations.

Commissioner can clarify whether plaintiff's past work meets the regulatory definition of past relevant work. Additional vocational expert testimony shall be obtained if necessary.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 1 February 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.