IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JOHN D. CRAWFORD,              )
                               )
       Plaintiff,              )
                               )
v.                             ) CIVIL ACTION NO. 5:10-CV-1202-MHH
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social Security, )
                               )
       Defendant.              )

**MEMORANDUM OPINION**

Plaintiff, John D. Crawford, brings this action pursuant to the provisions of 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) on his application for disability insurance benefits and Supplemental Security Income (SSI). The Administrative Law Judge (ALJ) entered a partially favorable decision finding Crawford disabled beginning December 16, 2006, but not before. Crawford timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. This court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Id*. Even if the court finds that the evidence preponderates against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence. *Id.*

Unlike the deferential review standard applied to the Commissioner's factual findings, the Commissioner's conclusions of law are not presumed to be valid. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Therefore, the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). This includes the Commissioner's application of the proper legal standards in evaluating Crawford's claim. *Martin*, 894 F.2d at 1529.

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations outline a five-step process that is used to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The Commissioner must determine in sequence:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) whether the claimant has a severe impairment or combination of impairments;

(3) whether the claimant's impairment meets or equals the severity of an impairment in the Listing of Impairments;[1]

---

[1] The Listing of Impairments, ("Listings") found at 20 C.F.R. Part 404, Subpart P, Appendix 1, are used to make determinations of disability based upon the presence of impairments that are considered severe enough to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525.

  (4)  whether the claimant can perform any of his or her past work; and

  (5)  whether there are significant numbers of jobs in the national economy that the claimant can perform.

*Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178 (11th Cir. 2011). The evaluation process continues until the Commissioner can determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

  A claimant who is doing substantial gainful activity will be found not disabled at step one. 20 C.F.R. §§ 404.1520 (a)(i), 416.920(a)(4)(i). A claimant who does not have a severe impairment will be found not disabled at step two. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A claimant with an impairment that meets or equals one in the Listing of Impairments will be found disabled at step three. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

  Prior to considering steps four and five, the Commissioner must assess the claimant's residual functional capacity (RFC), which will be used to determine the claimant's ability to work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant who can perform past relevant work will be found not disabled at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five the burden shifts to the Commissioner to show other work the claimant can do. *Foot v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). To satisfy this burden the Commissioner must produce evidence of work in the national economy that the claimant can do based on the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1512(f), 416.912(f). A claimant

who can do other work will be found not disabled at step five. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920 (a)(4)(v). A claimant who cannot do other work will be found disabled. *Id.*

Crawford is seeking both SSI and Title II disibility insurance benefits. Based on Crawford's earnings records, he has sufficient quarters of coverage to remain insured through December 31, 2003. R.1062. Therefore, to be awarded disibility insurance benefits, Crawford must establish that he became disabled on or before December 31, 2003, his date last insured (DLI). *See* 42 U.S.C. § 423(d)(1)(A); *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002).

The Administrative Law Judge (ALJ) determined Crawford was not engaged in substantial gainful activity, and found he had the severe impairments of "polysubstance abuse/dependence, scoliosis, right shoulder impingement, and degenerative disc disease." R. 1064. The ALJ concluded that Crawford did not suffer from a listed impairment. R. 1065. The ALJ found that prior to December 16, 2009, Crawford had the residual functional capacity (RFC) to perform "the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." R. 1066. With this RFC, the ALJ found that prior to December 16, 2006, Crawford was able to perform his past relevant work as a fast food worker. R. 1070. However, the ALJ found that beginning December 16, 2006, Crawford's RFC would prevent him from lifting his right arm above shoulder level. R. 1070. He found that beginning on December 16, 2006,

Crawford was unable to perform past relevant work, and that there were no jobs existing in significant numbers in the national economy that Crawford could perform. R. 1073. Accordingly, the ALJ found Crawford was disabled beginning on December 16, 2006, but not disabled prior to that date.

### III.  FACTUAL BACKGROUND

Crawford has filed several prior applications. An application filed in August 1989, was denied at the administrative level, and that decision was affirmed by this court in March 1992. R. 335. Crawford filed a second application in September 1991. R. 335. That application ultimately resulted in a finding that Crawford had been disabled since December 1990. R. 335. That decision found that drug and alcohol dependence were contributing factors to Crawford's disability. R. 335.

Crawford's benefits were terminated in 1999. R. 335. That decision was affirmed through an ALJ decision dated March 6, 2002, which found that there had been medical improvement in Crawford's condition related to his ability to work. R. 370-71. The ALJ found Crawford had no exertional or physical limitations in his ability to perform work related activities. R. 371. The ALJ found that Crawford's "work activity as a fast food worker from January 1, through March 2000, in the absence of drugs and alcohol while incarcerated, was performed at the level of substantial gainful activity." R. 366. In reaching that decision, the ALJ relied upon a report from Checkers restaurant showing Crawford earned $790.28 in January 2000,

$917.57 in February 2000, and $802.84 in March 2000.[2] R. 366, 698. The ALJ also noted the report showed Crawford sometimes worked 40 hours per week, that no special considerations were given to him, and that he quit the job. R. 366, 698-702. The ALJ found Crawford's past relevant work as a fast food worker was light and unskilled. R. 370. The ALJ found that in the absence of drug and alcohol addiction, the claimant would be able to perform his past relevant work as a fast food worker. R. 371. The Appeals Council denied Crawford's request for review, and there was no further appeal of that claim. R. 349-351, 335.

Crawford filed his current applications for a period of disability, disability insurance benefits, and Supplemental Security Income (SSI) on April 19, 2002, alleging he became disabled on March 7, 2002. R. 1061. Crawford's claim was denied. R. 1061. He timely requested a hearing before an ALJ, who issued an unfavorable decision on August 18, 2004. R. 1061. On November 9, 2006, the Appeals Council vacated the ALJ's decision and remanded for further development of Crawford's work activity. R. 1061. The Appeals Council found the ALJ had improperly relied upon Crawford's past work as an engineering aid, which was last performed in 1988. R. 856. The Appeals Council found Crawford had "perform[ed] work in 1996 and 2000 at substantially gainful levels for three consecutive months each of those years." R. 856.

---

[2] This earnings report shows the employer as River Lakes Companies, doing business as Checkers. R. 699.

Therefore, it remanded the case to an ALJ for further action. The actions required by the Appeals Council on remand included "[d]etermining whether the work conducted in 1996 and 2000 meets the definition of past relevant work." R. 857.

On remand from the Appeals Council, ALJ held a hearing on October 5, 2007, which included testimony from a vocational expert (VE). R. 336. At that hearing, Crawford testified he worked as a fast food worker at Checkers restaurant on work release while he was in jail in 1999 and 2000. R. 1048-49. However, he testified that he only worked for two weeks. "I worked for two weeks and then I fell and then I started getting compensation. I didn't never go back to the . . . working, you know. I mean, I went but I didn't have to do anything except be there." R. 1048. The VE was asked about Crawford's past relevant work, and testified as follows: "In my review, I did not find any job performed as long as three months, so there would be no past relevant work." R. 1050.

The ALJ issued a partially favorable decision on November 14, 2007, finding that beginning December 16, 2006, Crawford had an RFC to perform light work, except that he could not lift his right arm above shoulder level. R. 345. He found that beginning December 16, 2006, Crawford was not able to perform past relevant work. R. 346. Crawford was 60 years old on December 16, 2006. R. 346. Based upon Crawford's RFC and age, the ALJ found Crawford was disabled under Medical-

Vocational Rule 202.04.[3] R. 347. This favorable portion of the ALJ's decision is not at issue on this appeal.

The ALJ found that prior to December 16, 2006, Crawford had an RFC to perform a full range of light work. R. 340. The ALJ also found Crawford had "past relevant work both from 1996 as a day laborer and from 2000 as a fast food worker." R. 346. In reaching that decision, the ALJ relied upon the report from Checkers restaurant showing Crawford earned $790.28 in January 2000, $917.57 in February 2000, and $802.84 in March 2000. R. 343, 698. The ALJ also noted the report showed Crawford sometimes worked 40 hours per week, that no special considerations were given to him, and that he quit the job. R. 342, 698-702. The ALJ also found the VE's testimony in 2007 that Crawford had no past relevant work after 1988 contradicted her prior testimony at Crawford's 2001 hearing, "at which time she testified that the claimant had past relevant work as a fast food worker in 2000." R. 345. The ALJ also found the VE "admitted [at the 2007 hearing] she might not have full information (in fact, she may have based her October 2007 testimony on only what the claimant's testimony was, that he worked as a day laborer and only worked for about two weeks.)" R. 345. Therefore, the ALJ found Crawford was capable of performing his

---

[3] The Medical-Vocational Guidelines, (the "grids) found at 20 C.F.R. Part 404, Subpart P, Appendix 2, are used to make determinations of disability based upon vocational factors and the claimant's residual functional capacity when the claimant is unable to perform his vocationally relevant past work. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a).

past relevant work prior to December 16, 2006. R. 345. On March 3, 2010, the Appeals Council denied Crawford's request for review. R. 328-30. Having exhausted his administrative remedies before the Commissioner, Crawford filed the present action.

Prior to filing her brief, the Commissioner filed a motion to withdraw her answer, and for remand under sentence six of 42 U.S.C. § 405(g). (Doc. 10.) The motion sought a remand because there was no transcript of the 2001 hearing in the record, and the tape recording of the hearing could not be read. In his November 2007 decision, the ALJ had relied on the VE's testimony at the 2001 hearing. He described that testimony as follows: "'[S]he testified that the claimant had past relevant work as a fast food worker in 2000." R. 345. The Commissioner sought a remand to clarify whether Crawford's past work meets the regulatory definition of past relevant work. This court granted the Commissioner's motion and remanded the action pursuant to sentence six of 42 U.S.C. § 405(g).

After the action was remanded, the Appeals Council vacated the final decision of the ALJ with regard to the period prior to December 16, 2006, and remanded the case to an ALJ for a de novo hearing. R. 1082. The ALJ was to "give further consideration to the issue of whether the claimant was able to perform past relevant work prior to December 16, 2006," and if not whether he could perform other work. R. 1082.

An ALJ hearing was held February 21, 2012. R. 1119-1137. At that hearing, Crawford again testified that he had only worked at Checkers Restaurant for two weeks before he fell and broke his wrist. R. 1133. He testified that the reported income from Checkers was workmen's compensation. R. 1133. However, upon further questioning from the ALJ, Crawford testified that he returned to work. "I did come back after my wrist got better, but I don't know how long I was off . . . ." R. 1135.

When the ALJ asked Crawford's attorney if any testimony was needed from the VE, Mr. Crawford 's attorney responded that he would like to ask the VE about transferable skills. R. 1135. The ALJ stated that he did not see any transferable skills, and would "stipulate to no transferable skills." R. 1135. Nevertheless, the ALJ asked the VE whether Mr. Crawford had any transferable skills. R. 1135. The VE responded that he did not. R. 1135. Neither the ALJ nor Crawford's attorney asked the VE any other questions.

In his decision, the ALJ found Crawford had the RFC to perform the full range of light work prior to December 16, 2006. R. 1066. He found Crawford's work done at Checkers in January, February, and March 2000 was past relevant work. R. 1071. The ALJ classified that work as light and unskilled. R. 1071. Based on Crawford's RFC for light work during the relevant time, the ALJ found Mr. Crawford was able to perform his past relevant work prior to December 16, 2006. R. 1070. Accordingly, the ALJ found Crawford was not disabled prior to December 16, 2006. R. 1073.

## IV.  ISSUES PRESENTED

Mr. Crawford's only argument on appeal is that the ALJ improperly found that Mr Crawford had past relevant work as a fast food worker.[4]

## V.  DISCUSSION

Crawford argues the ALJ should have found he had no past relevant work, based on the testimony of the VE at his 2007 ALJ hearing. Because Crawford was a person of advanced age during the relevant period, if he had no past relevant work, he would be found disabled under Medical-Vocational Rule 202.04.[5]

The burden is on Crawford to prove he is unable to perform his past relevant work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). Crawford also "has the burden of showing that certain work experience is not past relevant work." *Id.*

The regulations define past relevant work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). Substantial gainful activity is "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. Work activity is substantial if it "involves doing significant physical or mental activities," and "may be substantial even if it is done on a part time basis." 20

---

[4]  Crawford does not dispute the ALJ's finding that he could perform light work prior to December 16, 2006. Pl.'s Br. 8.

[5]  Medical-Vocational Rule 202.04 applies to claimants who are over 55 years of age, have at least a high school education, and either no past relevant work, or unskilled work experience. 20 C.F.R. Part 404, Subpart P, Appendix 2.

C.F.R. § 404.1572(a). "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). In considering whether a claimant's work activity is substantial gainful activity, the primary consideration is the claimant's earnings. 20 C.F.R. § 404.1574(a)(1). The regulations provide that work activity as an employee during 2000 constituted substantial gainful activity if a claimant's average monthly earnings exceeded $700. 20 C.F.R. § 404.1574 (b)(2).

The regulations provide that an ALJ may utilize resources such as the Dictionary of Occupational Titles (DOT) to obtain evidence needed to determine whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2). They also provide that an ALJ may use a VE to obtain evidence to determine whether a claimant can do his past relevant work. *Id*. However, "[t]he testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits him to do other work after the claimant has met his initial burden of showing that he cannot do past work." *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Evidence from a vocational expert is not necessary when an ALJ determines the claimant is capable of performing his past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990).

In the present case, Crawford's past work at Checkers in 2000 was within the 15 year period. Therefore, if Crawford's work at Checkers was substantial gainful activity

13

and was performed long enough for him to learn the job, it constitutes past relevant work.

The ALJ relied upon the earnings Crawford reported to the Social Security Administration and the detailed earnings report provided by Checkers to find that Crawford's work in 2000 was substantial gainful activity. R. 1071. Crawford's Social Security earnings record shows reported earnings in 2000 of $2,910.83. R. 798. The earnings report provided by Checkers shows that from January through March 2000, Crawford earned a total of $2,510.69. R. 700. In January, February, and March 2000, Crawford earned in excess of $700. R. 698. The ALJ also noted that the form submitted by Checkers indicated Crawford was given no special considerations at work. R. 1071, 699. The Checkers earnings report shows that in eight of the eleven weeks after January 5, 2001, Crawford worked more than 37 hours. R. 701. Crawford also received overtime pay on several occasions. R. 701. These reported earnings constitute substantial gainful activity under the regulations.

The ALJ found that Crawford's testimony that he worked less time and had fewer earnings than reported by Checkers was not credible. R. 1071. For example, the ALJ concluded that Crawford's testimony at his 2012 hearing that he only worked at Checkers for two weeks before he fell and broke his wrist was inconsistent with the work history report that Mr. Crawford completed in 2002 in which stated he worked for 11 days before he broke his ribs. R. 1071, 1133, 837. The ALJ noted that Mr.

Crawford had "[u]pon questioning in regards to the $2,910 reported earnings for 2000 being earned in two weeks, . . . stated he came back to work after that but did not know for how long." R. 1071. The ALJ found that these inconsistencies rendered Crawford's testimony not credible.

The ALJ also found Crawford's testimony about his job at Checkers was contrary to the earnings reported to the Social Security Administration, and the detailed earnings report provided by Checkers. R. 1072. In contrast to Crawford's inconsistent testimony, the ALJ found the earnings records clearly reflected Crawford's reported earnings for 2000. The ALJ's decision to credit the earnings reports rather than Crawford's statements was reasonable and based on substantial evidence. Therefore, he did not err in finding Crawford's past work at Checkers was substantial gainful activity.

The ALJ found Crawford's job at Checkers lasted long enough for him to learn to do it because it was unskilled work. R. 11071. In reaching this decision, the ALJ relied on the DOT to find Crawford's past work at Checkers was light and unskilled. R. 1071. The DOT indicates that the job of fast food worker is light and has a specific vocational preparation (SVP) of two, which means the job can be learned in one month or less. *See* Dicot 311.472-010, 1991 WL 672628 (G.P.O.). Social Security Ruling 00-4p provides that "unskilled work corresponds to an SVP of 1-2." SSR 00-4p, 2000 WL

1898704, *3 (S.S.A.). The ALJ properly relied on the DOT to determine that Crawford's work at Checkers was unskilled.

The ALJ noted that Social Security Ruling (SSR) 83-10 provides that a person can usually learn to do an unskilled job in 30 days. R.1071; *See* SSR 83-10, 1983 WL 31251 (S.S.A.). SSR 83-10 is consistent with the regulations, which provide that "[u]nskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). That regulation also provides that in an unskilled job, "a person can usually learn to do the job in 30 days." *Id*. Therefore, the ALJ concluded that Crawford had worked at Checkers long enough to learn to do the job. R. 1071. This finding is supported by substantial evidence and is in accordance with applicable legal standards.

The ALJ discounted the VE's testimony in 2007 that "she did not believe [Crawford] had any past relevant work since 1988 as it required at least three consecutive months of work."[6] R. 1072. The ALJ found this requirement of three consecutive months of work was contrary to the regulations and Social Security Rulings. R. 1072. He stated that "the determination of whether a claimant's work activity is past relevant work is determined by the criteria of the Social Security Regulations and Ruling [sic] (as discussed above) and is not based on the testimony of

---

[6] At that hearing, the VE testified as follows: "In my review, I did not find any job performed as long as three months, so there would be no past relevant work." R. 1050.

a vocational expert." R. 1072. The ALJ correctly observed that the regulations and rulings only require the past work to have been "done for a period long enough for the 'worker to have learned the techniques, acquired information, and developed the facility needed for an average performance in the job situation.'" R. 1072. As discussed above, the regulations state that unskilled work can be learned in 30 days or less. Because the VE testimony was contrary to the regulations, the ALJ properly discounted the testimony. *See* SSR 11-4p, 2000 WL 1898704, *3 (S.S.A.) ("SSA adjudicators may not rely on evidence provided by a VE, VS, or other reliable source of occupational information if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions."). Therefore, the ALJ followed the correct legal standards in discounting the VE's 2007 testimony that Crawford had no past relevant work.

For the above reasons, the court concludes substantial evidence supports the ALJ's finding that Crawford had past relevant work as a fast food worker. The ALJ applied the proper legal standards in reaching that conclusion. The ALJ's finding that Crawford's past relevant work was light and unskilled is also supported by substantial evidence. Therefore, the ALJ did not err in finding Crawford could return to his past relevant work prior to December 16, 2006.

## VI.  CONCLUSION

The court concludes the ALJ's determination that Crawford was not disabled prior to December 16, 2006, is supported by substantial evidence, and that the ALJ applied the proper legal standards in arriving at this decision. Accordingly, the Commissioner's final decision is due to be affirmed. An appropriate order will be entered.

DONE and ORDERED this 27th day of August, 2014.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE